■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY DIGIOSAFFATTE and MICHAEL PUMA, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, dated November 7, 1977, as of February 8, 1977, which granted defendants' motion to suppress identification testimony. Order reversed, on the law and the facts, motion denied, and case remanded to Criminal Term for further proceedings consistent herewith. The Criminal Term based its order of suppression on its finding that the showup here was devoid of exigent circumstances to justify its use and was not a prompt on-the-scene showup, having taken place at least an hour and a half after the alleged occurrence. It also found that the showup was both impermissibly suggestive and conducive to an irreparable mistaken identification. With respect to the in-court identifications of the defendants at the *Wade* hearing, the trial court found that though they had some degree of independence of source, they were tainted by the pretrial procedures used and therefore had to be suppressed. We do not agree. Our examination of the record leads us to the conclusion that the procedures used in the on-the-scene showup, which occurred approximately one and one-half hours after the crime which led to the indictment of the defendants, were not so suggestive and conducive to irreparable mistaken identification as to violate the standards for such showups set forth in *Neil v Biggers* (409 US 188, 193; see, also, *United States v Sanchez,* 422 F2d 1198). It is our conclusion that, viewed in the totality of the circumstances, the showup was sufficiently close in time to the occurrence of the crime to meet the requirement of *People v Smith* (38 NY2d 882, 883) so as to qualify it for exemption from the requirement of the *Wade-Gilbert* rules. Hence, the showup cannot serve to impair the in-court identifications which the trial

court found had an independent source. Further, since the showup qualified as an exemption from the *Wade-Gilbert* rules, the identification evidence stemming·from the showup is admissible (see *People v Smith, supra; People v Blake,* 35 NY2d 331, 336-337). That the exigencies which called for a showup far outweighed those calling for observance of the *Wade-Gilbert* rules can be gleaned from the following circumstances: (1) the time of night at which the crime occurred, 11:55 P.M.; (2) the time when the defendants were apprehended by the police a few blocks from the scene of the crime, 1:15 A.M.; (3) the fact that the police knew that the eyewitnesses who had given them descriptions of the assailants and their car was probably available at the scene; (4) the use of a showup would permit a speedy and more accurate determination as to whether the persons apprehended were the·assailants; and (5) that holding the defendants for a lineup would entail a long delay resulting from the need to provide counsel to defendants to observe the lineup and might cause the detention of innocent suspects (see *Russell v United States,* 408 F2d 1280, 1283-1284). There is no merit in defendants' contention that their arrest was invalid and so tainted the identifications as to require their suppression. Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.