■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE SOTO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered September 9, 1980, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony. Judgment affirmed. On November 17, 1979, at approximately 1:45 A.M. the defendant and the complainant were engaged in an argument as they left a restaurant. The argument escalated into a

fistfight and, after the fight was broken up, the defendant approached the complainant, pointed a hand gun at him, and, from a distance of three feet, shot him in the mouth. The complainant turned and ran to a hospital which was located some two blocks away. Two police officers soon responded to the scene after having received a radio report of a disturbance. When they arrived, they received a tip that an Hispanic male wearing a black shirt was "up the hill with a gun shooting at people." They subsequently observed the defendant, who fit the description. One officer approached him and saw a fresh cut over his left eye. The second officer was directed by a citizen to a car under which the officer discovered a .32 caliber hand gun. Thereafter, the officers received a report that a gunshot victim had arrived at the nearby hospital. They took the defendant to the hospital and, out of his presence, spoke with the victim who nodded affirmatively when asked if he knew or could identify his attacker. The defendant was brought in, without handcuffs, and the complainant again nodded affirmatively when asked whether the defendant was the assailant. This identification occurred only some 15 minutes after the shooting. The defendant argues that the hospital showup was unconstitutionally suggestive and that, therefore, the complainant's in-court identification should have been suppressed. We disagree. When the officers arrived at the hospital, they found the complainant on a stretcher in the emergency room. As recounted by one of the officers at the *Wade* hearing, hospital personnel told him that the complainant had suffered "what appear[ed] to be a gunshot wound in the mouth, and they were not sure whether or not he would expire at that time." Faced with similar circumstances, the United States Supreme Court, in *Stovall v Denno* (388 US 293, 302), observed: " 'Here was the only person in the world who could possibly exonerate Stovall. Her words, and only her words, "He is not the man" could have resulted in freedom for Stovall. The hospital was not far distant from the courthouse and jail. No one knew how long Mrs. Behrendt might live. Faced with the responsibility of identifying the attacker, with the need for immediate action and with the knowledge that Mrs. Behrendt could not visit the jail, the police followed the only feasible procedure and took Stovall to the hospital room. Under these circumstances, the usual police station line-up, which Stovall now argues he should have had, was out of the question.' " Significantly, in *Stovall (supra)*, the hospital showup was conducted two days after the crime. In contrast, the identification at bar followed the shooting by only some 15 minutes, and even in cases not involving hospitalized complainants, prompt-on-the-scene showups are generally held to be proper because, based on fresh recollections of recent events, they insure reliable identifications of perpetrators and the prompt release of innocent suspects. (See *People v Brnja,* 70 AD2d 17, 24, affd 50 NY2d 366; *People v Digiosaffatte,* 63 AD2d 703; *Russell v United States,* 408 F2d 1280, 1284.) Thus, in the instant case, the hospital showup was justified both as a necessary measure to identify the attacker of a person who was in danger of death (see *Stovall v Denno, supra*), and as a method to secure a prompt, and therefore reliable, identification of the perpetrator of a crime. (See *Russell v United States, supra.*) In sum, therefore, we conclude that the exigent circumstances herein produced a reliable, prompt and constitutional showup identification. Accordingly, we hold that the hearing court properly denied the defendant's motion to suppress the complainant's identification testimony. Mollen, P. J., Titone, Weinstein and Rubin, JJ.; concur.