■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERRY DANZY, Respondent. — The People appeal from so much of an order of the County Court, Suffolk County (Weissman, J.), dated April 30, 1984, as granted that branch of the defendant's motion which was to dismiss counts 2 and 3 of his indictment on the ground that the evidence was not legally sufficient to support those counts.

Order reversed, insofar as appealed from, on the law, counts 2 and 3 of Suffolk County indictment No. 2230/83 reinstated, and motion, insofar as it is to dismiss the indictment on the ground of legal insufficiency, denied.

The testimony presented to the Suffolk County Grand Jury established that at approximately 1:15 A.M. on August 23, 1983, Police Officer Vincent Peters, who was "on a stake-out in an unmarked car", observed Jerry Danzy, the defendant, and his codefendant, Leonard Smith, "walking through the parking lot at the rear of the stores on East Main Street in Patchogue * * * The[y] walked up to the back of Wrangler Ranch [located at 80 East Main Street]. One of them picked up a brick and threw the brick through the rear door of Wrangler Ranch and started to run." Officer Peters pursued Smith and Danzy, both of whom fled on foot. However, he "was unable to catch them".

Anthony Ferri, a Suffolk County detective, was assigned to investigate burglaries allegedly committed at 70 East Main Street and 90 East Main Street, in Patchogue. He was also assigned to investigate an attempted burglary, allegedly committed on or about August 23, 1983 at 80 East Main Street, also in Patchogue.

In the course of his investigation, Detective Ferri separately interviewed the defendant and Smith. After being advised of his *Miranda* rights (see *Miranda v Arizona,* 384 US 436), Smith told Detective Ferri that "he and his brother-in-law, Jerry Danzy, had been short on cash and been [*sic*] doing Burglaries in Patchogue for the last few nights, and among those Burglaries that *he* did were [the] two at 70 and 90" (emphasis added). Smith also stated that "they tried to get into the Wrangler Ranch [at 80 East Main Street] but when they threw the brick at the window, it didn't break. They got scared and took off."

Detective Ferri also advised the defendant of his rights, after which the latter stated that "[h]e and his friend, Leonard Smith, were unemployed, low on cash, and they had been doing Burglaries in Patchogue, just looking for cash — whatever they could find." Defendant added that "among the string of Burglaries were the two at 70 and 90 — Patchogue Stationary and the office building." With regard to the attempted burglary allegedly committed at 80 East Main Street, the defendant admitted that "he threw the brick and when it [the window] didn't break, he just took off."

After the taking of testimony, the prosecutor, pursuant to CPL 190.30 (subd 3, par [a]), offered three affidavits into evidence. First was Elizabeth Gisbert's affidavit, in which she stated that on or about August 23, 1983, she "was the owner or possessor of premises located at Wrangler Ranch 80 E. Main St Patchogue [.] The said premises consists of a building. I did not give Anyone [*sic*] permission and (s)he did not have license or privilege to enter or remain therein."

The second affidavit was that of Bert Goldstein, in which he stated that "[o]n or about 8/18/83 I was the owner or possessor of premises located at Patchogue Stationery, 90 E. Main St., Patchogue. I did not give anyone permission and (s)he did not have license or privilege to enter or remain therein. On that date, I was the owner or possessor of certain property located therein, namely: greeting cards & 1 [illegible]. That the said property had a total value at that time of $250 and no one had no [sic] right to take, operate, use or exercise dominion or control over the said property and had no right to possession thereof." A similar affidavit was executed by Herbert Kassoff with regard to 70 East Main Street, Patchogue, New York, Suite No. 2, except that no personal property was identified in the affidavit nor was any property value specified.

On the basis of the afore-mentioned evidence, the defendant and Smith were accused by a Suffolk County Grand Jury of the crimes of attempted burglary in the third degree, and burglary in the third degree (two counts). Thereafter, the defendant moved, *inter alia*, for an order dismissing the indictment "on the ground that the same was not founded upon sufficient or adequate evidence" (see CPL 210.20, subd 1, par [a]; 210.30, 210.45). With the consent of the People, the County Court examined the Grand Jury minutes, *in camera*, and concluded that,

"the evidence was legally sufficient to sustain the count of Attempted Burglary in the Third Degree.

"However, as to the two counts of Burglary in the Third Degree, the evidence submitted to the Grand Jury was not legally sufficient. C.P.L. § 70.10 provides that evidence is not legally sufficient when the corroboration required by law is absent. Section 60.50 of the C.P.L. provides that a person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed. As to the two charges of burglary, there was no corroboration of the defendant's admission. The 'burglary affidavits' submitted to the Grand Jury pursuant to C.P.L. § 190.30 (3) (a) pertains [sic] only to ownership of a premises and the defendant's lack of license or privilege to enter thereon. It does not substitute for the additional proof required that the crime has been committed.

"Counts two and three of the indictment, each charging Burglary in the Third Degree, are dismissed with leave to the People to represent to another Grand Jury."

The People appeal (see CPL 450.20, subd 1).

CPL 190.65 (subd 1) in relevant part provides that, "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense".

"Legally sufficient evidence" is defined in CPL 70.10 (subd 1), as: "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent."

In the end, the test is "whether the evidence before the Grand Jury if unexplained and uncontradicted would warrant conviction by a trial jury" (*People v Pelchat,* 62 NY2d 97, 105).

The law in New York is well settled that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed" (CPL 60.50; see *People v Lipsky,* 57 NY2d 560, 569-571). In *People v Lipsky* (*supra,* pp 570-571), the Court of Appeals stated that,

"[i]t is not enough that the additional proof partially corroborates the truthfulness of the confession * * * The confession may, however, 'be used as a key or clue to the explanation of circumstances, which, when so explained, establish the criminal act' * * *

"Under CPL 60.50 no additional proof need connect the defendant with the crime * * * Evidence in addition to the confession is, moreover, sufficient 'even though it fails to exclude every reasonable hypothesis save that of guilt' * * * Indeed, the statute is satisfied 'by the production of some proof, of whatever weight, that a crime was committed by someone' ".

According to Professor Bellacosa, CPL 60.50 "appears to be the tiniest corroboration requirement known and it takes very little to satisfy it" (Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.50, p 678).

The evidence presented to the Grand Jury in the case at bar was legally sufficient to sustain the two counts of burglary in the third degree dismissed by the County Court. The defendant's statement to Detective Ferri that he committed the burglaries in question was corroborated by additional proof " 'that a crime

was committed by someone'" (*People v Lipsky, supra,* p 571), viz., codefendant Smith's statement to the same detective in which he acknowledged his participation in the burglaries. Accordingly, the two burglary counts should be reinstated.

In light of our disposition, we find it unnecessary to address the issue pressed upon us for resolution by the parties, and which issue was central to the County Court's holding, viz., whether "an affidavit detailing ownership of premises and the lack of license to defendant to enter, submitted to the Grand Jury pursuant C.P.L. §190.30 (3) (a), constitute [*sic*] sufficient corroboration of defendant's confession to satisfy the minimal requirements of C.P.L. §§ 190.65 (1) and 60.50?" (see *Matter of Geneseo Cent. School* [*Perfetto & Whalen Constr. Corp.*], 53 NY2d 306, 312, n 2; *United States v Leon,* 468 US __, 104 S Ct 3405, 3446, 3447-3448 [Stevens, J., concurring in part and dissenting in part]). Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.