■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERAPHIN MEDINA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 16, 1983, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, defendant contends that the trial court improperly permitted defense counsel to withdraw his motion to suppress

the complaining witness' identification of defendant as one of the robbers. However, the record indicates that two eyewitnesses to the robbery of the complaining witness apprehended the defendant immediately after the robbery, and one of the eyewitnesses brought the complaining witness over to identify the defendant. Since this showup was not a "police-arranged [confrontation] between [the] defendant and [the complainant] * * * for the purpose of establishing the identity of the criminal actor" (*People v Gissendanner,* 48 NY2d 543, 552), there was no need for an identification hearing (*see, People v Dukes,* 97 AD2d 445; *see also, People v Gissendanner, supra; Matter of Leo T.,* 87 AD2d 297).

Moreover, we also note that the showup occurred near the scene of the robbery within minutes after the robbery. "[P]rompt on-the-scene showups are generally held to be proper because, based on fresh recollections of recent events, they insure reliable identifications of perpetrators and the prompt release of innocent suspects" (*People v Soto,* 87 AD2d 618, 619; *see also, People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Digiosaffatte,* 63 AD2d 703). We also note that, contrary to defendant's claim, defendant's guilt was overwhelmingly proven beyond a reasonable doubt inasmuch as, along with the complaining witness, two other eyewitnesses identified defendant as one of the robbers, defendant was apprehended immediately after the crime while fleeing from the scene, and some of the proceeds of the robbery were recovered at the scene.

We have considered defendant's other claims, and we reject them as being either unpreserved for appellate review or without merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.