■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BELUSHI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 16, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Dubin, J.), of defendant's motion to suppress certain evidence.

Judgment affirmed.

On August 19, 1982, at approximately 4:30 P.M., a cashier at Alexander's Department Store on Roosevelt Avenue in Queens was accosted and robbed by a man who brandished what appeared to be a gun. A store detective, hearing the cashier's screams, observed a man running from the vicinity of the robbery. A nearby salesman also heard the cashier's screams, and observed her pointing towards a man who was running toward the escalator. The salesman and the store detective both converged upon this individual and apprehended him at the top of the escalator. At trial, both the store detective and the salesman identified defendant as the man they seized. The cashier identified defendant as the man who robbed her.

After defendant's apprehension, he was brought to the security office in the Alexander's store. The cashier was also brought to the security office. At the *Wade* hearing, the cashier testified that she told an unidentified person in the office "That's him" as defendant was being taken away by police. At trial, she testified that, while at the security office, she "peeked" into a separate room where defendant was being held but did not see his face, and did not identify him at that time.

Defendant argues that the court erred in permitting the salesman to identify defendant at trial as the man he had apprehended because the People did not serve a notice pursuant to CPL 710.30 in regard to such identification testimony. We disagree. Contrary to defendant's assertions on appeal, the record is devoid of any evidence that the salesman participated in any identification procedure whatsoever, arranged either by the police or by store security personnel. His observation of defendant immediately after the occurrence of the crime was not made in the context of a confrontation arranged for the purpose of establishing the identity of the criminal actor *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Medina,* 111 AD2d 190). Accordingly, no identification hearing was required with respect to his testimony.

Defendant argues alternatively that a new *Wade* hearing is required as to the showup identification procedure which was conducted at the security office after defendant's apprehension. Defendant was apparently identified by the cashier after she had viewed him in person as he was being taken away by police. Defense counsel alleges that he learned for the first time at the *Wade* hearing that a photograph had been taken of defendant while he was being held by Alexander's security personnel. Defense counsel requested an adjournment in order to have the photograph produced at the hearing, and this

application was denied. Assuming that defendant was entitled to a *Wade* hearing in connection with this identification procedure, even though it was not police sponsored *(see, Green v Loggins,* 614 F2d 219, 222-223; *People v Moore,* 96 AD2d 1044), we find that the court's refusal to grant an adjournment under these circumstances was not an abuse of discretion. This was not a lineup procedure where a photograph would be relevant to the issue of suggestiveness. This was, instead, a showup procedure of the sort generally considered proper because any identification would be based on a fresh recollection *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366; *People v Soto,* 87 AD2d 618, 619). Defendant does not specify on appeal how any photograph of him taken at the security office would be relevant to the issues confronting the court at the *Wade* hearing. Moreover, even if the hearing court should have granted the adjournment, we find that defendant was not prejudiced by its failure to do so. The hearing court determined, and we agree, that the cashier had an independent basis upon which to make an in-court identification, regardless of any suggestiveness which may have tainted the showup conducted by store personnel. Thus, the cashier was properly permitted to make an in-court identification which, in conjunction with the other evidence adduced at trial, constituted overwhelming proof of defendant's guilt *(see, People v Adams,* 53 NY2d 241). There is, therefore, no need for a new *Wade* hearing.

Defendant's remaining contention has been reviewed and is without merit. Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.