■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered November 24, 1981, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that he was denied a fair trial by several instances of prosecutorial misconduct and by the court's erroneous justification charge, an inadequate voluntariness charge, and failure to give an alibi charge. However, given that the evidence of the defendant's guilt was overwhelming and not a single one of these claims was preserved for our review, we are compelled to disagree (CPL 470.05 [2]; *see, People v Nuccie,* 57 NY2d 818; *People v Crimmins,* 36 NY2d 230, 237; *People v Richardson,* 118 AD2d 667; *People v Gonzalez,* 97 AD2d 423).

Moreover, in view of his failure to request any specific charges, the defendant's claims of prejudice with respect to the omission of an alibi charge and the alleged insufficiency of the charge concerning the voluntariness of his confession ring hollow. The voluntariness charge that was given provided an adequate general explanation of the applicable law; further, it is quite possible, given the weakness of the defendant's alibi and the existence of the alternative defense of justification, that the failure to request an alibi charge was calculated trial strategy.

Finally, we do not consider the court's imposition of the maximum sentence in this case to have been unduly harsh or excessive. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.