■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered November 2, 1983, convicting him of robbery in the first degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record indicates that the confrontation between the defendant and complaining witness at the precinct was not arranged by the police for the purpose of establishing the identity of the criminal actor. The rule mandating the exclu-

sion of identification testimony based on an unduly suggestive showup is therefore inapplicable on the facts herein *(see, People v Logan,* 25 NY2d 184; *People v Medina,* 111 AD2d 190, 191). Furthermore, while the testimony of the arresting officer on rebuttal did not constitute evidence refuting affirmative facts initially raised by the defendant's witnesses *(see, Marshall v Davies,* 78 NY 414, 420; McCormick, Evidence § 4, at 6 [3d ed]), it was merely cumulative of the evidence presented during the People's direct case. We therefore decline to reverse the conviction on this ground, despite the fact that the challenged testimony was not technically in the nature of rebuttal *(see,* CPL 260.30 [7]; *People v Sterling,* 95 AD2d 927, 928). Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.