■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RODNEY HAYES, Respondent.—Appeal by the People from an order of the County Court, Dutchess County (King, J.), dated October 3, 1986, which granted that branch of the defendant's motion which was to dismiss the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to support the charge.

Ordered that the order is reversed, on the law, and the motion insofar as it is to dismiss the indictment on the ground of legal insufficiency is denied.

Contrary to the County Court's determination, we find that the evidence presented to the Grand Jury was legally sufficient to establish a prima facie case (see, People v Singer, 36 NY2d 1006; People v Finley, 104 AD2d 450).

The complainant, in an affidavit submitted pursuant to CPL 190.30 (3), stated that she resided at the premises in question, that in August 1985 a video cassette recorder (VCR) and camera were taken, that the defendant did not have permission to enter her house and take the VCR and camera, and that her VCR was presently in police custody. The police officer assigned to investigate the burglary testified that he took a statement from the defendant and thereafter recovered the VCR. This evidence was sufficient to corroborate the defendant's statement that he committed the burglary in

question (see, CPL 60.50; People v Danzy, 104 AD2d 949). Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.