◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SIMPKINS and KENNETH MCDONALD, Appellants.— Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Egitto, J.), both rendered July 7, 1983, convicting them of robbery in the first degree (four counts) and assault in the second degree (four counts), upon jury verdicts, and imposing sentences. The ap-

peals bring up for review the denial, after a hearing, of those branches of the defendants' respective omnibus motions which were to suppress certain identification testimony.

Ordered that the judgments are affirmed.

We conclude that the hearing court properly refused to suppress the subject identification testimony. Initially, we note that the showup procedure conducted at the crime scene minutes after the commission of the robbery was permissible (see, People v Love, 57 NY2d 1023; People v Brnja, 50 NY2d 366; People v Soto, 87 AD2d 618). The confrontation between the defendants and the witness Feres at the precinct was not arranged by the police for the purpose of establishing the identity of the criminal actors, and hence his identification testimony based upon this viewing was not subject to exclusion (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020, rearg dismissed 27 NY2d 733, 737; People v Brown, 126 AD2d 657, lv denied 70 NY2d 703; People v Medina, 111 AD2d 190). Finally, although we find that the precinct identification of the defendants by the witness Keating was unnecessarily suggestive, we nevertheless conclude, based upon her opportunity to view the defendant Simpkins during the crime, and the proximity in time from the robbery to the precinct showup, that her in-court identification of Simpkins possessed sufficient indicia of reliability to warrant its admission at trial.

We have examined the remainder of the defendants' claims, including those raised in the defendant McDonald's supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Weinstein and Kooper, JJ., concur.