■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARLEY BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 28, 1985, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Chetta, J.) of that branch of the defendant's omnibus motion which was to dismiss the indictment for unreasonable preindictment delay.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's claim that the approximately 28-month hiatus between his commission of the instant offenses and his arrest violated his right to due process and requires dismissal of the indictment. The uncontroverted hearing testimony demonstrates that neither the complainant nor the three eyewitnesses to the crime was willing to participate in its investigation by the police, and all failed to comply with the investigating detective's repeated requests that they report to the precinct and look through police department photographs in order to identify the assailant. Moreover, it is undisputed that shortly after the investigation commenced, the complainant informed the detective that he "didn't want to pursue the matter any further" and wanted the investigation discontinued. Hence, it is clear that the police were unaware of the defendant's identity and had no evidence upon which to prosecute him until the complainant subsequently identified him and he was arrested more than two years after the crime. Under these circumstances, the prosecution established that the failure to procure the defendant's arrest more promptly was entirely reasonable and was supported by good cause (see, People v Singer, 44 NY2d 241; People v Staley, 41 NY2d 789; People v Brown, 124 AD2d 667, lv denied 69 NY2d 825, lv denied sub nom. People v Shabazz, 69 NY2d 833; People v Hoff, 110 AD2d 782). Additionally, the serious nature of the instant offenses and the absence of any actual prejudice suffered by the defendant further militate against his present contention (see, People v Fuller, 57 NY2d 152; People v Bonsauger, 91 AD2d 1001; People v Bryant, 65 AD2d 333, appeal dismissed 46 NY2d 1037).

Similarly unavailing is the defendant's contention that he should be permitted to reopen the pretrial hearing and adduce additional evidence in support of his due process claim in light of the trial testimony of the complainant and the eyewitnesses concerning their alleged cooperation with the investigation. Initially, we note that despite having ample opportunity to do so, trial counsel never sought to reopen the hearing and instead apparently elected as a matter of strategy to attempt to cast aspersions on the credibility of the witnesses by calling the investigating detective as a defense witness at trial *(see generally, People v Ortiz,* 120 AD2d 550, *lv denied* 68 NY2d 671). In any event, the defendant was not denied a full opportunity to present evidence at the hearing by any ruling of the court; hence, he is not entitled to a second chance to sustain his claim by eliciting additional evidence which he previously failed to pursue *(see, People v Quarles,* 63 NY2d 923; *People v Havelka,* 45 NY2d 636; *People v Bryant,* 37 NY2d 208).

We have considered the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.