■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 3, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Once the witness picked the defendant out of a group of mourners at the victim's funeral, the identification was complete. The subsequent station house viewing was consistent with good police work, to ensure that the proper person was incarcerated *(see, People v Morales,* 37 NY2d 262, 271-272; *see also, People v Brown,* 124 AD2d 812, *lv denied* 69 NY2d 877; *People v Higgs,* 111 AD2d 410). Since there was no suggestive

police action, there is no need to determine whether the witness had an adequate independent source for the identification *(see, People v Floyd,* 122 AD2d 71; *People v Jackson,* 108 AD2d 757).

No objection was made to the alleged bolstering testimony of Detective Bostic, so the issue was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Ray,* 127 AD2d 859, *lv denied* 70 NY2d 654). We decline to reach the issue in the interests of justice, in view of the defense attorney's extensive cross-examination on the issue. It appears that the permitting of the bolstering testimony was a calculated trial strategy on his part *(see, People v Littlejohn,* 72 AD2d 515; *cf., People v Ortiz,* 120 AD2d 550, *lv denied* 68 NY2d 671; *People v Kwok Chan,* 110 AD2d 158, *lv denied* 66 NY2d 920).

The defendant did not object when the rebuttal testimony was offered, and thus the issue was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the claim is without merit because the testimony went to a material issue in the case *(see, People v Pavao,* 59 NY2d 282, 288; *People v Wise,* 46 NY2d 321, 328; *cf., People v Orse,* 91 AD2d 1003; *People v Allen,* 74 AD2d 640).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.