■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO HALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered January 13, 1987, convicting him of sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him while in police custody.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was probable cause to arrest him based on the victim's statement that a crime had been committed and the highly detailed and accurate description of the defendant's physical appearance and clothing which the victim gave *(see, People v Carrasquillo,* 54 NY2d 248; *People v Hairston,* 117 AD2d 618, 620, *lv denied* 67 NY2d 884). Furthermore, the defendant was apprehended along the anticipated escape route where he was found within close spatial and temporal proximity to the scene of the crime *(see, People v Dennis,* 125 AD2d 325, *lv denied* 70 NY2d 645; *People v Hill,* 115 AD2d 620, 621). Accordingly, his arrest was not improper.

We further find that the showup identification held within moments after the arrest at the crime scene did not violate due process *(People v Dennis, supra).* Indeed, such procedures provide the potential for the prompt release of an exonerated suspect *(People v Hernandez,* 127 AD2d 790, *lv denied* 70 NY2d 648; *People v Soto,* 87 AD2d 618, 619; *People v Veal,* 106 AD2d 418, 419; *People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366). The procedures employed at the subsequent lineup were not unduly suggestive *(People v Mattocks,* 133 AD2d 89, 90, *lv denied* 70 NY2d 801; *People v Rodriguez,* 124 AD2d 611, 612; *People v Scott,* 114 AD2d 915, *lv denied* 67 NY2d 765). In any event, the victim's lengthy viewing of the defendant under daylight conditions established an independent basis for the victim's in-court identification of the defendant *(People v Magee,* 122 AD2d 227; *People v Rudan,* 112 AD2d 255, 256).

We find that the defendant's confession was properly admitted into evidence as it was obtained after a knowing, intelligent and voluntary waiver of his constitutional rights of which he was repeatedly apprised (see, People v Padilla, 133 AD2d 353, lv denied 70 NY2d 1009; People v Leonard, 59 AD2d 1, 12-13).

We have examined the defendant's remaining contention and find it to be without merit (see, People v Meadows, 64 NY2d 956, cert denied 474 US 820; People v Crimmins, 36 NY2d 230). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.