■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BANKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 29, 1985, convicting him of robbery in the first degree and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

While two transit police detectives were driving the robbery victim through a neighborhood near the scene of the crime, the victim recognized the defendant standing in a group of men on a street corner and spontaneously identified him to the detectives. The complainant was removed from the area and the defendant was arrested. A short time later, the complainant viewed the defendant at Robbery Squad headquarters. This showup identification procedure confirmed that the proper person was incarcerated and was consistent with good police work *(see, People v Morales,* 37 NY2d 262, 271-272; *People v James,* 138 AD2d 744; *People v Brown,* 124 AD2d 812, *lv denied* 69 NY2d 877). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was for the suppression of identification testimony *(see, People v Higgs,* 111 AD2d 410). Moreover, as the hearing court

properly found, the witness had an independent source for the in-court identification *(Neil v Biggers,* 409 US 188; *People v Adams,* 53 NY2d 241, 251).

Similarly unpersuasive is the defendant's claim that the trial court's *Sandoval* ruling deprived him of a fair trial. The hearing court invoked the so-called *Sandoval* compromise by ruling that if the defendant testified, the prosecutor could elicit the fact that he had previously been convicted of one felony and one misdemeanor. By this ruling, the hearing court minimized the prejudicial impact of the defendant's record and properly exercised its discretion *(see, People v Sandoval,* 34 NY2d 371, 377; *People v Padilla,* 123 AD2d 364, 365; *People v Jackson,* 108 AD2d 757, 758). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.