■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FOSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.),

rendered December 19, 1986, convicting him of rape in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant was raped and robbed during the early morning hours of April 24, 1986, in Brooklyn by a man wearing a green and black lumber jacket, a black hat and black shoes. Minutes after the attack, the complainant described her assailant to the police officers, who, after canvassing the neighborhood for 5 to 10 minutes, spotted the defendant on a nearby street. The defendant matched the description provided by the complainant, including the distinctive jacket, and was immediately identified by the complainant. A search of the defendant produced the exact amount of money and subway tokens taken from the complainant. Subsequent tests established the presence of spermatozoa on the defendant's sweatpants. Spermatozoa was also found on the complainant's clothing.

On appeal, the defendant contends that certain testimony of the arresting police officers concerning the description of the perpetrator provided to them by the complainant impermissibly bolstered her identification testimony and, accordingly, he is entitled to a new trial (see, People v Trowbridge, 305 NY 471). We disagree.

In the first instance, the claimed errors are unpreserved for appellate review since the defendant failed to specifically object to the challenged testimony on that ground (see, People v West, 56 NY2d 662; People v Jones, 124 AD2d 596). In any event, the testimony was properly admitted. The officers never testified as to the complainant's showup identification or to any other out-of-court identification of the defendant. Furthermore, in light of the overwhelming evidence of the defendant's identity and guilt, any possible Trowbridge error would have to be deemed harmless (see, People v Mobley, 56 NY2d 584). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.