■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND KELLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 2, 1984, convicting him of robbery in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Once the complaining witness picked the defendant out from among the passengers on a bus, the identification was complete (see, People v James, 138 AD2d 744). Any subsequent station house viewing of the defendant by the complaining witness, and it is unclear from the record that such a viewing occurred although both sides on this appeal assume that it did, was not arranged by the police for the purpose of establishing the identity of the criminal actor. The rule mandating the exclusion of identification testimony based on an unduly suggestive showup is therefore inapplicable to the facts herein (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020, rearg dismissed 27 NY2d 733, 737; People v Simpkins, 135 AD2d 756, lv denied 71 NY2d 902; People v Brown, 126 AD2d 657, lv denied 70 NY2d 703).

The defendant's sentence was fair and appropriate under the circumstances (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they are either not preserved for our review or do not require reversal. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.