THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v WALTER PARKER, Defendant.

County Court, Monroe County, December 9, 1988

### APPEARANCES OF COUNSEL

*Thomas J. Cocuzzi* for defendant. *Howard R. Relin, District Attorney (Charles L. Callear* of counsel), for plaintiff.

### OPINION OF THE COURT

PATRICIA D. MARKS, J.

This is a decision on a motion for a suppression hearing on identification. The identification procedures challenged was the viewing of a videotape by one Mary Lynn Dana. The videotape was prepared by Mary Lynn Dana and viewed by her at the request of an Assistant District Attorney in antici-

pation of her Grand Jury testimony in which she verified the fairness and accuracy of the tape. The issue is whether or not that viewing constitutes a procedure which would require a hearing on the validity of the identification.

The facts are undisputed in regard to the circumstances surrounding the viewing of the videotape. The right to a hearing must be predicated on allegations of facts which would entitle the defendant to suppression (CPL 710.20 [6]; *United States v Wade*, 388 US 218). There are no such facts presented here.

The purpose of the viewing of the videotape was solely to verify the fairness and accuracy of the videotape. The cases which have in the past required a hearing and/or suppression are ones where the issues raised a concern that the facts and circumstances surrounding the identification procedure were so conducive to irreparable mistaken identification so as to deny the defendant due process of law *(United States v Wade,* 388 US 218, *supra; Stovall v Denno,* 388 US 293; *People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17).

In the present case, the observation by the witness was made not in the context of a confrontation arranged for the purpose of establishing the identity of the suspect *(People v Gissendanner,* 48 NY2d 543; *People v Belushi,* 114 AD2d 463). The videotape of the actual event as it occurs makes it unique from all other cases. It provides the jury with the ability to observe precisely what the witness observed when the conduct occurred. The requirements for the admissibility of the tape *(People v Ely,* 68 NY2d 520, 527; *People v McGee,* 49 NY2d 48), coupled with the inherent nature of the evidence of a video-tape of the event, assures that the process is free from suggestiveness and exploitation and, therefore, is inherently reliable.

Therefore, the court denies defendant's motion for a hearing and suppression of the identification.