■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 1, 1985, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his arrest was based upon probable cause. The arresting officer observed the defendant "appear[ed] to be urinating in the bushes" alongside the Long Island Expressway. The officer was aware that some 50 minutes earlier at a location approximately three miles away, an individual matching the defendant's general description had fled on foot from the scene of a hit-and-run collision involving a stolen Jaguar. When the officer asked the defendant to explain his presence along the highway he received an improbable explanation. The officer then radioed a request for a rebroadcast of the description of the hit-and-run driver. He received further information which added to his reasonable suspicion that the defendant was in fact the driver of the stolen Jaguar *(see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106). Accordingly, he was justified in detaining the defendant for 10 minutes to await the arrival of the complainant *(see, People v Hicks,* 68 NY2d 234). Her unequivocal on-the-scene identification of the defendant gave the officer probable cause to arrest him *(see, People v Sanders,* 79 AD2d 688; *People v Crespo,* 70 AD2d 661).

Furthermore this on-the-scene identification was not unduly suggestive (see, People v Molina, 140 AD2d 377, lv denied 72 NY2d 913; People v Veal, 106 AD2d 418). Rather, such a procedure was appropriate in the interest of obtaining a prompt identification and served to minimize the period of detention of a presumptively innocent citizen (see, People v Soto, 87 AD2d 618). Accordingly, we find that the identification testimony was properly found admissible.

We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.