■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIE PAIGE, Appellant.—Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), rendered March 11, 1987, convicting defendant, upon a jury's verdict, of burglary in the second degree (Penal Law § 140.25 [2]), and sentencing defendant as a violent predicate felony offender to a term of 7 to 14 years consecutive to any period owed as a result of violation of defendant's parole in a prior felony conviction, unanimously affirmed.

The witness, Leonard Mills, had observed from his window that defendant and his codefendant crossed the roof of a neighboring building, entered, and when they recrossed the

roof 15 minutes later, they were carrying four lamps. The fact that the defendants' lower bodies were obstructed by a wall is irrelevant. When the defendants reemerged on the street, Mills, keeping them in view, called 911, reported a possible burglary, and provided detailed descriptions. Mills, by telephone, directed responding police to the defendants' location, and then, at police request, joined them on the street. The police frisked the defendants, finding several items in codefendant's possession, and a light bulb in defendant's possession. Mills then identified the two men, who were in an unmarked patrol car. They were taken to the precinct. At the precinct, Mills viewed the defendants in a holding cell, through a two-way mirror, and confirmed his identifications.

Since an identified informant had provided detailed information, the police acted on reasonable suspicion that a crime had been committed and properly stopped defendant *(People v De Bour,* 40 NY2d 210). Defendant had no standing to challenge a search of his codefendant *(People v Wesley,* 73 NY2d 351). The police did not lack a reasonable belief of danger as a basis to frisk defendant insofar as they had been altered to a burglary, provided with detailed information, were engaged in a street encounter in a high-crime area, and did not require a particularized independent source for their belief of danger *(see, People v Mack,* 26 NY2d 311, *cert denied* 400 US 960). The police properly briefed detained defendant for investigation pending a confirmatory identification by Mills *(People v Hicks,* 68 NY2d 234). Mills' identification on the street was a proper confirmatory identification close in time to the crime *(People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Nieves,* 92 AD2d 837). Mills' viewing of defendant at the precinct also was only a confirmatory identification *(People v Banks,* 143 AD2d 677), which did not require an independent source inquiry for the in-court identification *(People v James,* 138 AD2d 744).

There is no indication that the circumstantial evidence charge confused or misled the jury. It would be the better practice for a court to refer to "the *evidence* in this case" rather than "the *proof* in this case", and the court should not allude to the possibility that a defendant may be guilty of uncharged crimes. However, the evidence in this case was sufficiently compelling that it was not likely that the jury was speculating about uncharged crimes. The charge in its entirety properly informed the jury how to evaluate circumstantial evidence. Defendant's claim that the court should have marshaled evidence in defendant's favor with respect to the

suggestibility of the identification procedures, for the reasons stated above, is meritless. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.