■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY KNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 5, 1987, convicting him of attempted

robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification.

Ordered that the judgment is affirmed.

On January 29, 1987, a man tried to rob the complainant in the elevator of her apartment complex. Three days later, the complainant saw the defendant walking on the street and identified him to the police as the perpetrator. At that point, the identification process was complete *(see, People v Kelley,* 144 AD2d 386; *People v Banks,* 143 AD2d 677; *People v James,* 138 AD2d 744). The complainant's station house viewings, therefore, were consistent with good police procedure to ensure that the proper person was arrested, and were merely confirmatory *(see, People v Morales,* 37 NY2d 262, 272; *cf., People v Lorick,* 142 AD2d 501, *appeal withdrawn* 73 NY2d 785).

The defendant's contention that a witness's testimony that the complainant was "hysterical" when she saw the defendant constituted improper bolstering has not been preserved for appellate review since he failed to make any objection when the testimony was given *(see,* CPL 470.05 [2]; *People v West,* 56 NY2d 662, 663; *People v Foster,* 143 AD2d 767, 768; *People v McCorkle,* 119 AD2d 700, 701). Moreover, review in the interest of justice is not warranted in this case since the defendant underscored the complainant's alleged hysteria in arguing to the jury that her identification was rendered unreliable thereby *(see,* CPL 470.15; *People v Cruz,* 144 AD2d 686, 688).

We have considered the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.