■ The People of the State of New York, Respondent, v Joel Anderson, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered May 14, 1987, convicting him of burglary in the second degree (three counts) and attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to corroborate his confession and thus failed to prove his guilt beyond a reasonable doubt.

CPL 60.50 prohibits the conviction of a defendant for any offense based "solely upon evidence of a confession or admis-

sion made by him without additional proof that the offense charged has been committed". That section requires only some proof that the offense charged has in fact been committed (see, People v Booden, 69 NY2d 185). The evidence as a whole must, of course, establish guilt beyond a reasonable doubt (People v Booden, supra; People v Huff, 132 AD2d 622).

In the instant case, we find that the People presented evidence to show that the crimes charged had been committed. In addition to the defendant's confession, there was evidence by the homeowners or residents that their premises had been broken into and items had been taken. Further, the defendant was arrested near the scene of the burglaries after having fled from the police and certain of the items taken were found in his possession.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the evidence (see, CPL 470.15 [5]).

Finally, we find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.