■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL HOLMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.) rendered March 24, 1987, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention the hearing court did not err in denying suppression of the identification testimony of the complainant. The on-the-scene showup, which allowed the complainant to confirm that the police had apprehended the correct person, occurred moments after the robbery and immediately after a high-speed chase which culminated in the police and the complainant observing the defendant emerging from the livery cab he had stolen from the complainant. The ensuing showup was "appropriate in the interest of obtaining a prompt identification and served to minimize the period of detention of a presumptively innocent citizen" *(People v Williams,* 150 AD2d 410, 411; *see, People v Banks,* 143 AD2d 677; *People v Hall,* 141 AD2d 841; *People v Molina,* 140 AD2d 377; *People v Dennis,* 125 AD2d 325). The showup was consistent with good police work necessary to ensure that the proper person had been apprehended *(see, People v James,* 138 AD2d 744). Accordingly, since the defendant failed to establish that the identification procedure employed was unduly suggestive, the People were not obligated to produce the complainant at the *Wade* hearing *(see, People v James, supra; People v Tweedy,* 134 AD2d 467; *People v Jackson,* 108 AD2d 757).

Furthermore, there is no merit to the defendant's conten-

tion that his guilt was not proven beyond a reasonable doubt. The complainant unequivocally testified that the defendant was the person who robbed him at gunpoint of approximately $50 and his livery cab. Thereafter, the complainant flagged down a passing police car. The police officers and the complainant conducted a search of the surrounding area which led to the discovery of his cab several blocks away. After a brief high-speed chase, the police apprehended the defendant and found him to be in possession of a loaded, operable, semiautomatic pistol, and bills similar in denomination to those stolen from the complainant.

Viewing this evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree (Penal Law § 160.15 [2]; *see, People v Hughes,* 142 AD2d 689; *People v Smith,* 142 AD2d 619) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5])

We have reviewed the defendant's remaining contentions, including those raised in this supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.