■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY ELY, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J., at trial and suppression hearing), rendered May 8, 1986, convicting defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), six counts of robbery in the first degree (Penal Law § 160.15), three counts of robbery in the second degree (Penal Law § 160.10), two counts of assault in the second degree (Penal Law § 120.05), two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03), one count of criminal possession of a weapon in the third degree (Penal Law § 265.02), and one count of burglary in the first degree (Penal Law § 140.30), and sentencing him to six indeterminate terms of 12½ to 25 years, three terms of 7½ to 15 years, and two terms of 3½ to 7 years to run concurrently, as well as two independent terms of 12½ to 25 years and lesser concurrent terms to run consecutively with the other sentences, unanimously affirmed.

We find no merit to defendant's claim that his motion to suppress a gun should have been granted. Defendant was approached as he left a commercial building by two officers who were responding to a report of a burglary at the location. He voluntarily accompanied the officers into the building to verify his claim that he was a messenger who had just made a delivery. Once inside, however, two women informed the police that they did not recognize him, and another woman from the building told them that she had instructed defendant to leave because he had no business in the building. At that point, one of the officers patted the pouch that was hanging from defendant's shoulder and in which he had observed a bulge. Feeling a hard object which he believed was the handle

of a gun, the officer asked defendant what it was, and a struggle ensued as defendant attempted to flee.

In light of the circumstances, the officer's minimal intrusion in touching the pouch was permissible. *(People v De Bour,* 40 NY2d 210, 223; *People v Mack,* 26 NY2d 311, 317, *cert denied* 400 US 960; *People v Paige,* 154 AD2d 318.) The burglary report, the timing of the encounter on the street, and the witnesses' remarks rendered the officers' apprehension of danger reasonable, particularly in view of the defendant's unconfirmed story and the observation of a bulge in his pouch.

Nor is there merit to defendant's claim that he was denied a fair trial because of the introduction of the remark regarding defendant's having no business in the building. The court's curative instruction adequately served to advise the jury that this evidence was not being introduced as proof of an uncharged crime. Moreover, any error in the introduction of the evidence or the court's instruction may be deemed harmless; defendant's guilt as to each of the robberies was established by overwhelming evidence. *(People v Crimmins,* 36 NY2d 230, 237.)

Defendant's remaining contentions, that the prosecutor improperly vouched for the credibility of the witnesses and mischaracterized the identification issue on summation, have not been preserved for appellate review as a matter of law. (CPL 470.05 [2].) Were we to reach them in the interest of justice, we would find them to be without merit. Concur— Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.