■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CABRERA, Appellant.—Judgment, the Supreme Court, New York County (Richard Andrias, J.), rendered April 24, 1989, convicting defendant after a jury trial of robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of two to six years, unanimously affirmed. The matter is remitted for further proceedings pursuant to CPL 460.50 (5).

Defendant's argument that the victim of the crime and his wife should not have been allowed to make in-court identifications is meritless. Nothing in the hearing record shows that either witness participated in a pre-trial identification proce-

dure at which defendant was identified. Indeed the record suggests that the People did not expect the victim to make an in-court identification of his masked attackers. Defendant also fails to establish that the in-court identification testimony of the victim's two daughters should have been suppressed. The girls' encounter with defendant several days after the robbery was not police-arranged *(People v Gissendanner,* 48 NY2d 543, 552; *People v Berrios,* 28 NY2d 361, 367). If the girls and defendant were not strictly "known" to each other *(cf., People v Collins,* 60 NY2d 214, 219; *People v Tas,* 51 NY2d 915, 916), the girls surely knew who they were going to point out to the detective. *(People v Paige,* 154 AD2d 318, 319, *lv denied* 75 NY2d 816; *cf., People v Newball,* 76 NY2d 587, 591.)

Defendant's argument that he was coerced into implicating himself is also without merit. Considering all of the circumstances *(North Carolina v Butler,* 441 US 369), including the period of defendant's incarceration and interrogation, his "street sense", the extent of defendant's prior cooperation, and the treatment that defendant received while in custody, defendant's will was not improperly overborne. Defendant testified at the hearing that he was carrying an attorney's business card when he was arrested, but he made no mention of the lawyer to the detectives who questioned him. And as found by the hearing court, defendant chose not to speak with his mother. The defendant was asked to cleanse his soul, and told that his mother and girlfriend faced grave consequences if they offered false alibis on his behalf, but defendant was not forced to choose between confessing and hurting his loved ones. Appeals to conscience and to the truth are not forbidden, and in the circumstances presented the detective, rather than improperly inducing defendant's statements, was "midwife to a declaration naturally born of remorse, or relief, or desperation, or calculation." *(Culombe v Connecticut,* 367 US 568, 576.)  Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.