■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. LOVE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree and criminal trespass in the second degree. He was charged with the unlawful entry of two apartments and the theft of a pad of checks from one of the apartments. The tenant of one apartment testified about the presence of a man in his apartment, and the building manager testified that, when she located and approached defendant in a hallway within the building, defendant raised his arms and said that he had not done anything. Subsequently, a pad of blank checks owned by the tenant was found in a cushion of the chair in the office reception room where defendant had been sitting. The manager's assistant testified that only defendant had been sitting in the chair that morning. That proof was sufficient to corroborate defendant's confession that he entered both apartments and took the pad of checks, and was legally sufficient to support the convictions *(see,* CPL 60.50; *People v Anderson,* 157 AD2d 732; *People v Hayes,* 131 AD2d 508; *People v Danzy,* 104 AD2d 949). Further, our review of the record reveals that the jury verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

There is no merit to defendant's contention that the trial court abused its discretion in permitting rebuttal testimony *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Brown,* 126 AD2d 657, *lv denied* 70 NY2d 703). The remaining issues raised by defendant were not preserved for appellate review *(see,* CPL 470.05 [2]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 2nd Degree.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.