■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY FULLER, Appellant. [628 NYS2d 423] —Casey, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 5, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree (five counts), sexual abuse in the first degree (five counts) and incest.

Defendant was indicted in August 1992 and charged with various counts of rape, sexual abuse and incest. The crimes were allegedly committed sometime in the summer of 1987 when, after a family gathering, the three victims, A, B and C (then ages, seven, nine, and 10, respectively) stayed overnight at defendant's residence in the Town of Governeur, St. Lawrence County. Victim C is the daughter of defendant's sister. Victims A and B are defendant's nieces by marriage.

Although there are some inconsistencies, the testimony establishes that defendant had sexual intercourse with all three victims during the night of their stay at his home. Due to the relationship, the intercourse with victim C constituted incest. Following a jury trial and defendant's conviction on 11 counts of the indictment, he was sentenced to a term of imprisonment of 4 to 12 years on each count of rape in the first degree, 2 to 6 years on each count of sexual abuse in the first degree and 1 to 3 years for incest. Because some of the terms run concurrently to one another and consecutively to other terms, defendant received a total prison sentence of 12 to 36 years.

Initially, defendant claims denial of his constitutional right to a speedy trial because of a six-year delay between the commission of the crimes and the filing of a felony complaint, and also the denial of his statutory right to a speedy trial because the People were not ready for trial within the six-month statutory period. The People contend, and the record reveals, that the delay in prosecution occurred as the result of the failure of the victims to report the offenses, which is sufficient to establish good cause for the delay between the commission of the crime and defendant's arrest (see, People v Butler, 136 AD2d 718, lv denied 71 NY2d 893). We note also that the delay worked more to the detriment of the People than of defendant. The four children who testified gave conflicting versions of the events underlying the crimes. The mother of victims A and B was no longer living in the area and did not appear to testify that her daughters reported the incident to her. It was quite some time after the attack that the victims were examined by physicians and all of the foregoing was brought to the jury's attention at trial. On the other hand, defendant presented no

evidence that he was unable to produce witnesses or gather evidence as the result of the delay. We therefore conclude that there is no merit to defendant's claim that he was prejudiced by the delay in prosecuting the case, and the People have established good cause for their failure to act sooner (see, *People v Taranovich*, 37 NY2d 442, 446-447).

As to the statutory claim, it is well settled that there must be a communication of readiness by the People in the trial court's record and the prosecutor must announce his readiness when the People are in fact ready to proceed (see, *People v England*, 84 NY2d 1, 4; *People v Kendzia*, 64 NY2d 331, 337). In a felony case, the People have a period of six months from the commencement of the action within which to state their readiness to proceed (see, CPL 30.30 [1] [a]; *People v England*, supra, at 4). Here, the action was commenced on February 21, 1992 with the filing of a felony complaint. The People stated their readiness for the record when the indictment was filed on August 17, 1992, but defendant's arraignment was scheduled for August 27, 1992, which is five days outside of the six-month period. Defendant agrees that the delay between August 27, 1992 and September 8, 1992 is chargeable to him. Therefore, the issue is whether the People can be charged with the delay between the indictment and the arraignment.

Apparently, in St. Lawrence County, County Court allows 10 days' notice to secure a defendant's appearance for arraignment. Such a local rule does not fall within the statutory exclusions of CPL 30.30 (4). Nevertheless, the People are correct in claiming that a reasonable period of time within which to notify a defendant to appear for arraignment is excludable under CPL 30.30 (4) (see, *People v Middlemiss*, 198 AD2d 755, 756). The People should not be charged for the time which results from a policy of County Court and is beyond the People's control (see, *People v Greenwaldt*, 103 AD2d 933). Furthermore, there were two periods (from July 31, 1992 to August 4, 1992 and from August 11, 1992 to August 14, 1992) occasioned by defendant's request for an adjournment during the Grand Jury proceedings to permit him to testify (see, CPL 30.30 [4] [b]; *People v Kopciowski*, 68 NY2d 615, 617). These periods are excludable because defendant participated in setting the calendar dates and these periods should therefore be charged to defendant (cf., *People v Liotta*, 79 NY2d 841, 843). Defendant's statutory speedy trial claim is, therefore, meritless.

We reject defendant's claim of ineffective representation of counsel. Defense counsel was prepared for trial, gave appropri-

ate and effective opening and closing statements, moved to preclude the introduction of evidence and successfully moved to prohibit the introduction of the specifics of defendant's prior convictions (*see, e.g., People v Hope*, 190 AD2d 958, 959, *lv denied* 81 NY2d 972). Defense counsel also made use of a witness's Grand Jury testimony to discredit his trial testimony. Although it appears that defense counsel failed to request an in camera inspection of the Grand Jury minutes and failed to adequately review another witness's Grand Jury testimony and the medical records of the three female victims, those deficiencies do not constitute ineffective representation (*see, People v Hobot*, 200 AD2d 586, 595, *affd* 84 NY2d 1021). We note that the three female witnesses were questioned by defense counsel about the medical attention they received in connection with the charges and defense counsel commented in summation about the People's failure to present medical proof of sexual abuse of any of the victims (*cf., People v Garcia*, 187 AD2d 868, 869, *lv denied* 81 NY2d 885). Based on the foregoing we find that, under the totality of circumstances, defendant was afforded meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant further argues that the offense of incest was insufficiently supported because no evidence at trial demonstrated that defendant knew or should have known that the victim of that crime was the daughter of defendant's sister. It was established at trial that all the people involved in the underlying incident were related. Defendant suggested that the children get together at his home, and he called the father of victim C to request that she be allowed to stay another night. Victim C herself testified at trial that defendant is her uncle. Defendant testified at trial that victim C is his sister's daughter. Viewing all of this evidence in the light most favorable to the People (*see, People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), we conclude that the jury could infer beyond a reasonable doubt that defendant knew or had reason to know that victim C was his niece (*see, People v Lewis*, 69 NY2d 321, 324).

Defendant also contends that the verdict was against the weight of the evidence. We disagree. The record fully establishes that the evidence was sufficient to allow the jury to conclude that defendant had forcibly engaged in intercourse with all three victims knowing that one of them was his sister's daughter (*see, e.g., People v Hobot*, 200 AD2d 586, 593, *supra*). It follows that the verdict is not against the weight of the evidence (*see, People v Charlton*, 192 AD2d 757, 758, *lv denied* 81 NY2d 1071).

As to defendant's complaint about the harshness of his sentence, the sentence is within the permissible guidelines. Given defendant's prior criminal history, which included the rape of another child, and the nature and magnitude of the crimes, the sentence is appropriate.

We have considered defendant's other arguments and find them lacking in merit. Accordingly, the judgment of conviction is affirmed.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.