◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. MEHAN, Appellant.—Main, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 6, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

After his motion to suppress inculpatory statements was denied (*People v St. Clair*, 124 Misc 2d 746), defendant pleaded guilty to burglary in the third degree in full satisfaction of a three-count indictment and he was sentenced as a second felony offender to 3 1/2 to 7 years in prison. On this appeal, defendant argues that County Court erred in failing to suppress the inculpatory statements because they were obtained in violation of defendant's right to counsel. We affirm.

The record of the suppression hearing reveals that on April 28, 1983, defendant and Raymond J. St. Clair were arrested in Ocean County, New Jersey, while attempting to burglarize a grocery store. The police found New York parole documents among defendant's possessions and New York officials were

contacted. The next day defendant and St. Clair were arraigned in Ocean County where, according to their testimony, they requested that a lawyer be appointed to represent them and they were informed by the court that someone from the Public Defender's office would contact them. According to defendant and St. Clair, they were not contacted by an attorney until some time later.

Following their arraignment, defendant and St. Clair were returned to the county jail, by which time two New York State troopers and a local New York police officer had arrived to question defendant and St. Clair about their alleged participation in criminal activity in New York. Although the testimony of defendant and St. Clair was to the contrary, the troopers testified, and County Court could thus find, that defendant and St. Clair were properly advised of their *Miranda* rights prior to questioning and that defendant and St. Clair replied in the negative when asked if they were represented by or wanted an attorney. The troopers further testified that they had been informed of the arraignment but that no one, including defendant and St. Clair, informed them of the request for counsel. Based on this information, the troopers testified that they believed that defendant and St. Clair had neither requested nor been assigned counsel.

During a lengthy interview with first St. Clair alone and then St. Clair and defendant together, incriminating oral and written statements concerning various criminal activity in New York were made. Defendant and St. Clair were thereafter indicted in Schoharie County, where they were eventually returned. After their suppression motions were denied (*People v St. Clair, supra*), defendant pleaded guilty.

Defendant argues on this appeal that his inculpatory statements should have been suppressed because they were made after his right to counsel had indelibly attached by virtue of the arraignment, which served as the commencement of formal criminal proceedings, in New Jersey. A remarkably similar argument in rather similar circumstances was rejected by the Court of Appeals in *People v Ridgeway* (64 NY2d 952, *affg* 101 AD2d 555), where the indelible right to counsel under New York law was held not to attach upon the commencement of formal criminal proceedings in Federal court and was not triggered until action was taken against the defendant in State court. In view of the fact that no action had yet been taken against defendant in New York courts at the time of his incriminating statements, defendant's indelible right to counsel under New York law had not then attached. Accordingly,

County Court properly declined to suppress defendant's incriminating statements on this ground.

Defendant also argues that his incriminating statements should be suppressed because the New York law enforcement officials, knowing that the arraignment had been held such a short time before, acted unreasonably in accepting defendant's assertion that he was not represented without further inquiry into the status of defendant's representation. Although police must inquire of a defendant whether he has counsel where they are aware of prior charges pending against the defendant but are unaware of the status of the defendant's representation (*People v Bartolomeo,* 53 NY2d 225), the police have no obligation to investigate further about said status where a defendant, upon inquiry, denies being represented on the prior charges and it is reasonable to believe the defendant (*People v Lucarano,* 61 NY2d 138). In this case, the police clearly were aware of the unrelated New Jersey charges pending against defendant and thus, were obligated to ask defendant whether he was represented by counsel. Upon making this inquiry, the police elicited a response which indicated that defendant was not represented and did not desire representation.

Under the circumstances known to the police, it was reasonable for them to have believed that defendant was not represented, as he had indicated. For example, although the charges were quite recent and the arraignment barely completed, defendant was known to be well versed in the criminal justice system and answered apparently without hesitation concerning the status of his representation. Furthermore, the record reveals that defendant made clear to the New York officers that he was disgusted with the New Jersey facilities and officials, from which it could reasonably be inferred that defendant did not want further involvement with New Jersey by being represented by a Public Defender there but desired, as he indicated, to return to New York as soon as possible. Also, there is no evidence of bad faith on the part of the New York law enforcement officials. Investigator Anthony Reppenhagen's testimony, that he was not surprised to learn that defendant had requested counsel on the unrelated New Jersey charges, reflects nothing more than hindsight and does not alter the circumstances as they existed and appeared to exist at the time of defendant's questioning.

The Court of Appeals has quite recently reiterated that "constructive knowledge that defendant has an attorney on an unrelated pending matter is not chargeable to the police where they have not thus acted in bad faith or without

sufficient deference to defendant's right to counsel" (*People v Bertolo*, 65 NY2d 111, 120). We conclude that the police, having inquired of defendant about the status of his representation on the New Jersey charges and having been informed by defendant that he was not represented and did not desire representation in circumstances which made such a response seem reasonable, properly discharged their duties by showing adequate concern for defendant's right to counsel and were not required to have probed the status of defendant's representation further. Suppression, therefore, was properly denied.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.