The People of the State of New York, Respondent, v Michael Molina, Appellant

The defendant and a companion were seen attempting to burglarize a house in Syosset, Nassau County, by the backyard neighbor of the home. The witness telephoned 911 and described the men to the operator as he watched them, 30 feet away. A police officer responded immediately after the burglars gave up on their break-in attempt. The officer learned by police radio that two suspects had been stopped by a fellow officer for a traffic violation less than five minutes from the scene of the crime. The officer brought the witness to the place where the men had been pulled over. When the witness arrived at the spot he saw two men fitting the description of the burglars speaking with a uniformed officer at the side of the road. Nearby were parked three police cars and other officers were milling about in the area. The witness immediately identified the two as the men he saw attempting to break into his neighbor's house.

The defendant claims the showup was suggestive. Reversal of the judgment is not warranted. Where a showup procedure takes place in close proximity to the scene of a crime, and as here, shortly after the crime, it does not deny a defendant his right to due process. Such procedures are justified because a speedy identification is desired, and a longer detention may unnecessarily infringe on the liberty of an innocent person *(see, People v Digiosaffatte,* 63 AD2d 703).

Under the circumstances of this case, the showup cannot be said to have been improper. It took place within a few blocks of the crime and within 15 minutes thereof. Although the circumstances of the showup were not ideal *(see, People v Osgood,* 89 AD2d 76), suppression is not warranted.

The defendant claims further error in that the hearing court refused to suppress his confession which he claims was induced by drug withdrawal. He is a heroin addict. The record reveals that during the period of time when he confessed, he was lucid, cooperative, and coherent. There was no evidence at

the *Huntley* hearing which indicated that his "state of intoxication ha[d] risen to the degree of mania * * * that [his] confession [need be] rendered inadmissible" *(People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931). On the contrary, it was not until five hours after his confession that the defendant began to exhibit symptoms of withdrawal, namely, lethargy. Indeed, the doctor who treated him termed this withdrawal as "mild". Based on this and other testimony, the hearing court's determination was correct *(see, People v Armstead,* 98 AD2d 726). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.