THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BING, Appellant.

Second Department, April 10, 1989

*See, People v Bing,* 131 Misc 2d 62.

## APPEARANCES OF COUNSEL

*Matthew Muraskin (Kent V. Moston, Carol Santangelo* and *Jeremy L. Goldberg* of counsel), for appellant.

*Denis Dillon, District Attorney (Anthony J. Girese* and *Peter Shapiro* of counsel), for respondent.

## OPINION OF THE COURT

BROWN, J. P.

■ On this appeal we conclude that the rule established in *People v Rogers* (48 NY2d 167), *People v Bartolomeo* (53 NY2d 225) and their progeny does not extend to a situation in which police officers to whom a defendant makes an uncounselled incriminatory statement are or should be aware that he is represented by counsel on pending unrelated criminal charges when those charges are pending, not in New York, but in a foreign jurisdiction.

### I

On May 17, 1985, at approximately 2:00 P.M., the rectory housekeeper at St. Joachim's Church in Cedarhurst was robbed and money was taken from the rectory safe. Several days later, Nassau County Detective Glenn Dowd, who was investigating the incident, received a tip from a known informant, Cecil Scott, to the effect that the crime had been committed by the defendant. Scott also told Dowd that the defendant had recently arrived from Ohio and that "he was

wanted, he was hot out in Ohio". Thereafter, Dowd learned that there was an outstanding warrant for the defendant's arrest in Mansfield, Ohio. Several days later, Dowd and a fellow officer picked up the defendant on the Ohio warrant, at which time the defendant made a statement inculpating himself with respect to the robbery of St. Joachim's Church. According to the defendant, he had been assigned counsel in Ohio and, at the time of his arrest in Nassau County, the Ohio charge was still outstanding. It is not disputed that the police officers never asked the defendant if he was represented by counsel in Ohio.

Following a hearing, the court denied that branch of the defendant's omnibus motion which was to suppress statements made by him based, *inter alia,* upon his claim that his right to counsel had been violated *(People v Bing,* 131 Misc 2d 62). The hearing court refused to adopt that which it characterized as an "unreasonable overextension" *(People v Bing, supra,* at 66) of the *Rogers-Bartolomeo* rule, noting that an attorney who is not admitted in New York State may not provide legal advice in this State. The court stated: "While the defendant's right to counsel is to be safeguarded, it must be tempered with reason and common sense. Here there is no evidence of bad faith on the part of the police department, or of infringement by the police on any right of the defendant to counsel in New York. *(Cf., People v Felder,* 47 NY2d 287 [1979])" *(People v Bing, supra,* at 66). The defendant subsequently pleaded guilty to burglary in the first degree, and this appeal ensued.

On appeal, the defendant urges this court to adopt the view expressed in *People v Torres* (137 Misc 2d 29, *appeal pending* [1st Dept]), the only reported case directly addressing the issue. In that case, an uncounselled, written statement was taken from the defendant when the interrogating officers were aware that he had recently been arrested in New Jersey. The defendant was, in fact, represented by counsel on that pending New Jersey case. The hearing court suppressed the defendant's written statement on the ground that his right to counsel had attached by virtue of his representation on the pending New Jersey case. The *Torres* court relied upon *People v Mehan* (112 AD2d 482 [3d Dept], *lv denied* 66 NY2d 1041), a case in which the defendant was arrested in New Jersey and, upon discovery of New York parole documents on the defendant's person, the New York police were notified. Several law enforcement officers from New York went to New Jersey to speak with the defendant, who indicated that he was not

represented by counsel on the New Jersey charge. After a hearing, suppression of the statements subsequently made concerning criminal activity in New York was denied. On appeal, the court rejected the defendant's contention that his interrogators acted unreasonably in accepting his assertion that he was not represented by counsel in New Jersey without further inquiry, and found that the officers properly relied on the defendant's assertion. It was in this context that the court stated that "the police clearly were aware of the unrelated New Jersey charges pending against defendant and *thus, were obligated to ask defendant whether he was represented by counsel" (People v Mehan, supra,* at 484 [emphasis supplied]). For the reasons that follow, we do not accept the *Torres* court's holding and the finding implicit in the Third Department's statement that the *Rogers-Bartolomeo* rule extends to a situation where a defendant has a criminal case pending in a foreign jurisdiction.

## II

In *People v Rogers* (48 NY2d 167, *supra),* the Court of Appeals held that once an attorney has entered a criminal action, a defendant in custody may not be further interrogated in the absence of counsel, even as to matters unrelated to the action in which the defendant is so represented. Acknowledging that its prior decisions created an exception to the exclusionary rule of *People v Arthur* (22 NY2d 325 [once the police know or have been apprised of the fact that the defendant is represented by counsel or that an attorney has communicated with the police for the purpose of representing the defendant, the accused's right to counsel attaches]) in the situation where the police, in good faith, question a defendant regarding a charge unrelated to the one on which he is represented by counsel *(People v Taylor,* 27 NY2d 327), the court realized the need for a "bright line" rule in this area. The *Rogers* court did recognize the State's "significant interest in investigating and prosecuting criminal conduct", but concluded that this interest "cannot override the fundamental right to an attorney guaranteed by our State Constitution" *(People v Rogers, supra,* at 173). In keeping with *Rogers,* the Court of Appeals subsequently held that where the interrogating officers have actual knowledge of a pending charge against a defendant, they are under an obligation to inquire as to whether he is represented by an attorney on that charge and if they fail to do so, they

are chargeable with that which such an inquiry would have disclosed *(People v Bartolomeo,* 53 NY2d 225, *supra).*

In the eight years since its decision in *Bartolomeo (supra),* the Court of Appeals has taken the opportunity on several occasions to further refine, and often refuse to extend, the *Rogers-Bartolomeo* rule. Thus, in *People v Lucarano* (61 NY2d 138), the court held that once the police have received a negative response from an accused to the question of whether he is represented by counsel on a pending, unrelated charge, they need inquire no further. The court said: "We are not unmindful of the possibility, as noted by defendants, that an individual who is the target of an investigation may wish to minimize the seriousness of pending charges simply out of fear that to admit such charges are serious enough to require representation may increase the likelihood of his being arrested immediately or that a defendant mistakenly believes that he does not have an attorney. Notwithstanding that possibility *we must also consider the State's important interest in criminal investigations and the extent to which law enforcement efforts will be impeded by a contrary rule" (People v Lucarano, supra,* at 147-148 [emphasis added]). In *People v Colwell* (65 NY2d 883), the court refused to extend the *Rogers-Bartolomeo* rule to the situation where the pending charge is one of which the defendant has already been convicted and which is being appealed. After noting that "[a] primary concern underlying *Rogers* was that a defendant could incriminate himself on the pending charge, on which he is represented, even though the questions ostensibly concern unrelated charges" *(People v Colwell, supra,* at 885), the court continued as follows: "Of course, an appellate attorney would hardly abandon a client being questioned on unrelated charges, and statements made after conviction may well become significant if there is a new trial. But in deciding whether to extend the *Rogers* rule to the situation before us, we also cannot lose sight of the State's 'significant interest in investigating and prosecuting criminal conduct' *(People v Rogers,* 48 NY2d 167, 173, *supra). We conclude that any interest in extending the right to counsel rule articulated in Rogers throughout the often-protracted duration of an appeal is outweighed by the legitimate interest in law enforcement" (People v Colwell, supra,* at 885 [emphasis added]).

Most recently, in *People v Robles* and *People v Murray* (72 NY2d 689), decided together by the Court of Appeals on December 15, 1988, the police, aware that the defendants were

represented by counsel on pending charges, waited for those charges to be disposed of before taking the defendants into custody. The court found that the defendants' right to counsel had not been violated by the officers thereafter questioning the defendants in the absence of counsel. The court stated:

*"It is important to note, in determining whether the Rogers rule was violated in the cases now before us, that our primary concern in Rogers was that questioning on unrelated charges might interfere with the attorney-client relationship that existed with respect to the pending charges.* * * * Most significantly, we stated that the rule was required, in part, because 'it is the role of defendant's attorney, not the State, to determine whether a particular matter will or will not touch upon the extant charge' ([People v Rogers, supra,] at 173).

"The *Rogers* decision did not signal a wholesale rejection of the fundamental premise underlying the *Taylor* exception—that the attachment of the right to counsel on one charge does not create an independent right to counsel with respect to other charges. *Rogers* created a bright-line rule, not because the *Taylor* premise was fundamentally flawed, but because it was difficult to apply in cases where questioning on unrelated charges might compromise the right to counsel on the pending charges. Thus the right to counsel recognized in *Rogers* is not independent, but is instead derived from the existing attorney-client relationship, and is accordingly limited in scope" *(People v Robles, supra,* at 697-698 [emphasis added]).

After discussing its prior decisions in this area, the court concluded as follows: "It is clear from these decisions and from the background in which it was decided that *Rogers* established a derivative and accordingly limited right with respect to unrelated charges in order to protect the direct and full-fledged right to counsel in the pending proceeding. In light of this rationale, a decision by investigators to refrain from questioning a suspect until he or she is no longer represented by counsel on unrelated charges protects the interests with which we were concerned in *Rogers* as fully as a decision to question the suspect in the presence of counsel while the prior charges are pending" *(People v Robles, supra,* at 698).

### III

Thus, when considering whether the *Rogers-Bartolomeo* rule applies to the situation before us, we must keep in mind that the rule as developed by the Court of Appeals is limited in

scope and is the quid pro quo designed to protect the defendant with respect to the charge on which he is represented by counsel, that is, the charge unrelated to the case with respect to which he is being questioned. The concern is that during the course of that questioning, the defendant may divulge information regarding the unrelated charge, information that would, therefore, have been obtained in violation of his right to counsel under this State's Constitution. When viewed in this context, it is apparent that this State's interest in protecting the defendant's rights vis-à-vis an unrelated case pending in a foreign jurisdiction is minimal. This is particularly so where, as here, it is unclear whether that other State or foreign jurisdiction has expressed any interest in so protecting the defendant. On the other hand, this State's legitimate and important interest in law enforcement and criminal investigations conducted within its borders remains constant (see, People v Colwell, 65 NY2d 883, 885, supra; People v Lucarano, 61 NY2d 138, 148, supra). On balance, then, we conclude that any interest that this State may have in protecting a defendant's right to counsel vis-à-vis a charge pending in a foreign jurisdiction is outweighed by its legitimate interest in the enforcement of its criminal statutes and, thus, an extension of the Rogers-Bartolomeo rule is not justified (see, People v Colwell, supra; cf., People v Rogers, 48 NY2d 167, supra).

## IV

■ We also find to be without merit the defendant's contention that neither the waiver of his right to counsel nor the statements made by him to law enforcement officials were voluntarily made because they were obtained only after his repeated requests for medical treatment for his drug addiction and withdrawal symptoms were denied. The hearing court credited the testimony of the police officers as to the defendant's physical condition at the time of his interrogation, a determination to which we afford great weight (see, People v Prochilo, 41 NY2d 759). As the credible evidence adduced at the hearing supports a finding that the defendant had the ability to and did voluntarily waive his right to counsel and make the statements at issue, the hearing court's determination to this effect shall not be disturbed.

## V

Under the circumstances, we conclude that that branch of

the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials was properly denied and that the judgment of conviction should be affirmed.

LAWRENCE, KOOPER and SPATT, JJ., concur.

Ordered that the judgment is affirmed.