■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MONZON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered March 27, 1984, convicting him of murder in the second degree and escape in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in finding that, under the totality of the circumstances, his oral confession was voluntarily made and therefore admissible into evidence *(see,* CPL 60.45; *Schneckloth v Bustamonte,* 412 US 218, 226; *Clewis v Texas,* 386 US 707, 708; *People v Anderson,* 42 NY2d 35). While the defendant was a drug user who did manifest some signs of drug withdrawal at the time of the interrogation, he nonetheless remained lucid and cooperative, and appeared to have a full awareness and understanding of the nature of the proceedings around him. Indeed, the defendant was alert enough to first deny any knowledge of the murder and then, after being presented with incriminating evidence, to orchestrate an agreement with the

police for the release of his female companion. Furthermore, the records of St. Francis Hospital, where the defendant was subsequently taken for medical treatment, indicated that he was coherent, with no thought disorder or anxiety. In addition, the reliability of the defendant's depiction of the crime was confirmed by the testimony of the police and the defendant's female companion (see, People v Adams, 26 NY2d 129, cert denied 399 US 931).

Insofar as the defendant contends that the promises made to him by the police for the release of his female companion rendered his oral confession involuntary, the testimony establishes that it was the defendant who initiated and orchestrated the agreement. His attempt to obtain a benefit for his female companion was apparently motivated by the fact that she was, in actuality, his wife and by his knowledge that she was wanted by the police in North Carolina, facts which were unknown to the interrogating officers. There is nothing in the record to show that any promises of leniency were made to the defendant (see, Rhode Is. v Innis, 446 US 291; People v De Jesus, 63 AD2d 148; see also, People v Taber, 115 AD2d 126), or that the interrogation process was tainted by any threats or deceptive practices (see, Schneckloth v Bustamonte, supra). Further, the oral confession was obtained from the defendant only two hours after he was taken into custody and was not preceded by prolonged questioning (see, Schneckloth v Bustamonte, supra).

We also find that the trial court acted within its discretion in ruling that defense counsel had opened the door to the admission into evidence of the defendant's written confession which previously had been suppressed. The Trial Judge had repeatedly warned defense counsel not to mention the written confession. Nonetheless, during the cross-examination of a detective who had been cautioned not to mention the written statement, defense counsel sought to exploit the detective's silence through repeated questioning as to whether he had taken notes of the defendant's oral confession, attempting to convey the impression that the detective's testimony regarding the defendant's oral confession was unreliable. Thus, the admission of the defendant's written confession was necessary to rebut the tainted view of the interrogation suggested by the defense counsel's questioning (see, People v Melendez, 55 NY2d 445). Moreover, since the substance of the written and oral confessions was the same, the jurors were not presented with any new evidence, thereby minimizing any prejudice to the

defendant *(see, People v McCullough,* 141 AD2d 856). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.