■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN B. HUSBANDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 23, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Among the arguments made by the defendant on appeal is his contention that after his arrest he was deprived of access to a certain prescription medication, without which he was incapable of making intelligent decisions respecting, for example, whether to waive his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). Even assuming, as the People have apparently conceded, that the defendant had actually requested this medication, and that the police officers had declined to provide it, the fact remains that the evidence accepted by the hearing court, and worthy of credit on appeal, establishes that the defendant's fundamental ability to make intelligent decisions remained unimpaired. The weight of the credible evidence does not support the inference that the defendant's inability to take his medication on schedule resulted in the sudden loss of his capacity to understand either the nature of his legal rights or the consequences that would follow from their waiver *(see generally, People v Williams,* 62 NY2d 285; *People v Bing,* 146 AD2d 178, *affd* 76 NY2d 331; *People v Molina,* 140 AD2d 377; *see also, People v Marshall,* 50 Cal 3d 907, 269 Cal Rptr 269, *cert denied* — US —, 112 L Ed 2d 1105). We would also note that, under the circumstances of this case, the police officers did not act unreasonably in declining to permit the defendant, who did not appear to be experiencing any medical problems, to ingest a substance the exact nature of which could not be immediately verified.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.