■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FREJOMIL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 13, 1988, convicting him of kidnapping in the first degree and grand larceny in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court should have suppressed his confession because at the time he made it he was suffering from symptoms of withdrawal from heroin. A confession will only be rendered inadmissible by intoxication where the "state of intoxication has risen to the degree of mania" *(People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931; *People v Molina,* 140 AD2d 377, 377-378), or where it "resulted in the sudden loss of his capacity to understand either the nature of his legal rights or the consequences that would follow from their waiver *(see generally, People v Williams,* 62 NY2d 285; *People v Bing,* 146 AD2d 178, *affd* 76 NY2d 331; *People v Molina,* 140 AD2d 377)" *(People v Husbands,* 171 AD2d 756). Here, the only evidence of the defendant's heroin withdrawal submitted at the pretrial hearing was his claim made on a physical condition questionnaire, filled out several hours after he confessed, that he was suffering from heroin withdrawal and needed a doctor. However, Detective Vessa, who had observed numerous individuals undergoing withdrawal from heroin, found the defendant to be fully alert and not showing any symptoms of heroin withdrawal. This was corroborated by Detectives Shaw and Cresswell, who found the defendant to appear normal, with no signs of distress, no "track marks" on his arms, and "Lucid. Aware. Coherent". Therefore, the defendant's claim that his drug withdrawal rendered his confession involuntary is not supported by the record *(see, People v Monzon,* 167 AD2d 357).

We likewise reject the defendant's contention that the trial court improperly restricted his cross-examination of the complainant. The court permitted cross-examination about whether the complainant herself had possessed or trafficked in illegal drugs and only precluded the defendant's counsel from questioning her as to her husband's activities and the charges against him. These were reasonable limitations on forays into collateral matters (*see, e.g., People v Chin,* 67 NY2d 22, 32).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.