■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. DLUGOS, Appellant. [654 NYS2d 872] —Carpinello, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered September 6, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

During a routine traffic stop for operating a motorcycle without a license plate in the City of Glens Falls, Warren County, defendant was unable to produce a valid driver's

license, registration or proof of insurance. As defendant was searching the back compartment of his motorcycle for some identification, a white glassine envelope containing what appeared to be narcotics fell on the ground. Defendant was immediately placed under arrest and a search of his person produced, *inter alia*, various quantities of cocaine and heroin. As a result of this incident, defendant was indicted and charged with three counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the fourth degree and one count of criminal possession of a weapon in the fourth degree (an automatic weapon, ultimately suppressed by County Court, was found in a compartment of defendant's motorcycle). After County Court denied defendant's motion to suppress the physical evidence seized from his person and an oral statement he gave to Glens Falls Police Investigator Kevin Conine following his arrest, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment. Sentenced to a prison term of 3 to 9 years, defendant appeals. We now affirm.

Defendant's right to be free from unreasonable searches and seizures was not violated. Glens Falls Police Sergeant John Winchell had a justifiable basis for stopping defendant's plateless motorcycle (*see*, Vehicle and Traffic Law § 402; *People v De Bour*, 40 NY2d 210, 223). Moreover, when defendant was unable to produce a valid driver's license or registration for the motorcycle but did produce a utility bill containing conflicting identifying information, Winchell was also justified in repeating his request that defendant produce some veritable identification. Given defendant's inability to produce a valid driver's license or any other veritable identification, we note that it would have been constitutionally permissible at this juncture to conduct a pat-down search of defendant before taking him to the police station to issue a summons (*see*, *People v Ellis*, 62 NY2d 393, 396). We find the less intrusive investigatory measures taken by Winchell (i.e., a repeated request that some identification be produced) to be reasonable and routine police procedure and constitutionally permissible (*see*, *People v Bennett*, 121 AD2d 113, 117, *affd* 70 NY2d 891). Notably, Winchell's requests were followed by defendant going to the rear of the motorcycle on his own volition to search a closed compartment for identification. During his search, the glassine envelope inadvertently fell to the ground in the presence of Winch-

ell.* The evidence thereafter seized from defendant's person constituted a proper search and seizure incident to defendant's lawful arrest based on probable cause (*see, e.g., People v Mena-Coss*, 210 AD2d 745, 746, *lv denied* 86 NY2d 798; *People v Vazquez*, 135 AD2d 896, 897-898). Accordingly, County Court's refusal to suppress the seized items was in all respects proper.

Turning to defendant's contention that his oral statement to Conine should have been suppressed because he was suffering from heroin withdrawal when it was made, we find no merit. Heroin withdrawal will not render an oral statement inadmissible unless the withdrawal "has risen to the degree of mania" (*People v Adams*, 26 NY2d 129, 137, *cert denied* 399 US 931; *see, People v Frejomil*, 184 AD2d 524, *lv denied* 80 NY2d 903) or has "resulted in the sudden loss of [defendant's] capacity to understand either the nature of his legal rights or the consequences that would follow from their waiver" (*People v Husbands*, 171 AD2d 756, *lv denied* 78 NY2d 923). Although defendant informed Conine that he was suffering from heroin withdrawal and appeared to be sick when he gave his oral statement, there is a complete dearth of evidence that his withdrawal rose to the level of mania or rendered defendant unable to understand that he was waiving his legal rights. On the contrary, the evidence adduced at the suppression hearing reveals that when he gave the statement, defendant was lucid enough to (1) understand and waive his *Miranda* rights, (2) agree to speak with Conine giving a comprehensible, truthful oral statement, and (3) refuse to sign a written statement without first seeking the advice of counsel. Under these circumstances, County Court did not err in denying defendant's motion to suppress his oral statement (*see, People v Monzon*, 167 AD2d 357).

Defendant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant disputes Winchell's testimony that it was defendant's idea to open and search the rear compartment for identification and seeks to have his own version of events credited by this Court on appeal. We will not, however, disturb County Court's resolution of this credibility issue as it had the distinct advantage of observing these witnesses' testimony during the suppression hearing (*see, People v Cline*, 192 AD2d 957, 958, *lv denied* 81 NY2d 1071).